IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | | |
|---|---|---|
| HUBERT WAYNE ANDERSON, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 3:10-666-HMH -JRM |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| MARY M. MITCHELL, | ) | |
| WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner, Hubert Wayne Anderson ("Anderson"), is an inmate at FCI-Edgefield serving a sentence of life imprisonment for use of interstate commerce facilities in the commission of murder for hire in violation of 18 U.S.C. § 1958, imposed in the Eastern District of Texas in 1994. He filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241[1] in this Court on March 15, 2010 challenging the imposition of a fine of $100,000.00 at sentencing. Respondent, the Warden of FCI-Edgefield, filed a motion to dismiss the petition for lack of subject matter jurisdiction on June 3, 2010.[2] Because Anderson is proceeding *pro se*, an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) was issued on June 7, 2010, advising him of his responsibility to respond to

---

[1] The case was automatically referred to the undersigned pursuant to Local Rule 73.02(B)(2)(c) and (e) (D.S.C).

[2] *See* Rule 12(b)(1), Fed.R.Civ.P.

1

Respondent's motion to dismiss. Anderson filed his response to the motion on June 22, 2010.

## Discussion

Anderson raises two grounds for relief in his petition. First, Anderson alleges that he is entitled to relief due to "the imposition of an excessive fine when there was no factual finding of ability to pay at that time or in the future. (Pet., p. 3). In connection with ground one, Anderson asserts that the AUSA misrepresented his ability to pay a fine by participation in the UNICOR prison work program because she knew he was disabled.[3] Second, Anderson alleges that the $100,000.00 fine exceeded the maximum fine of $50,000.00 which was applicable at the time. Anderson specifically asserts that the present petition "concerns: Sentence, Imposition of a Fine" (Pet., p. 1) and that it "does not concern the execution of a sentence by the Bureau of Prisons." (Pet., pp. 3-4).

Anderson also asserts in his petition that he filed a direct appeal which was denied by the Fifth Circuit Court of appeals and a motion to vacate or set aside his sentence which was denied by the District Court in Texas. According to Respondent, Anderson argued on direct appeal that the fine was improperly imposed because he was indigent. The convictions were affirmed. *See* United States v. Anderson, 35 F.3d 562, *2 (5th Cir. 1994) (Table) ("A sentencing court is not prohibited from imposing a fine on an indigent defendant"). Respondent further states that Anderson unsuccessfully sought to challenge the fine by filing several motions in the Texas District Court.

Prior to the enactment of 28 U.S.C. § 2255, the only avenue a federal prisoner could take to collaterally attack his conviction was a petition for writ of habeas corpus pursuant to 28 U.S.C.

---

[3] The Judgment attached to the petition ordered the $100,000.00 fine to be paid with "(h)alf of any money earned in the UNICOR program as it is earned." Also attached to the Judgment is a copy of a letter from the United States Attorney for the Eastern District of Texas to the Social Security Administration advising of the conviction and a copy of a portion of a Social Security ruling that appears to show that Anderson began receiving disability benefits in 1991.

§ 2241. *See* Triestman v. United States, 124 F.3d 361, 373 (2d Cir. 1997). In 1948 Congress enacted § 2255 primarily to serve as a more efficient and convenient substitute for the traditional habeas corpus remedy. In doing so, Congress did not completely foreclose the use of § 2241 as a remedy for federal prisoners. Generally, motions brought under § 2255 attack the validity of a conviction or sentence, while petitions under § 2241 attack the execution of a sentence. *See* In re Vial, 115 F.3d 1192, 1194, n. 5 (4th Cir. 1997) (en banc). A federal prisoner may also bring a § 2241 petition when a § 2255 motion is "inadequate or ineffective" to test the legality of his detention. See 28 U.S.C. § 2255(e). To demonstrate that § 2255 is inadequate or ineffective to test the legality of a conviction, the prisoner is required to show:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the validity of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re: Jones, 226 F.3d 328, 333-34 (4th Cir. 2000).

It is obvious from the face of Anderson's petition that he is attacking the validity of the fine imposed in the Eastern District of Texas. He explicitly states that he is challenging the "imposition" of the sentence and not the "execution" of the sentence. He raised the issue of the fine on direct appeal and it was affirmed by the Fifth Circuit. According to Respondent, the legality of the fine was not raised in his § 2255 petition. Since Anderson seeks to challenge the validity of the fine, a § 2241 petition is inappropriate and the petition should be dismissed. *See* Cox v. Warden, 911 F.2d 1111, 1114-1115 (5th Cir., 1990) (District Court properly dismissed § 2241 petition challenging imposition

of a fine because such challenge appropriate under § 2255); Burgest v. United States, 2004 WL 3689284, *1 (E.D.Va.) ("Section 2241 does not provide a means for relief for a prisoner merely attacking the imposition of a fine or delegation of the manner in which the fine is to be paid, "citing Cox); and Martin v. United States, 2006 WL 231485, *3 (N.D.W.Va.) ("challenging the sentencing court's considerations when imposing [Petitioner's] fine does not relate to the execution of his sentence and is not cognizable in a § 2241 petition," citing Cox).

## CONCLUSION

Based on the above discussion, it is recommended that Respondent's motion be **granted** and the petition **dismissed** without an evidentiary hearing.

_____
Joseph R. McCrorey
United States Magistrate Judge

December 15 , 2010
Columbia, South Carolina

**The parties are referred to the Notice Page attached hereto.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).